## Commonwealth ex rel. v. Ott et al.

*Ernest J. Gazda,* for relators.
*Wm. B. Landis,* for defendants.

LEACH, P. J., February 23, 1938.—The council of the Borough of Taylor consists of 12 members. After two attempts to organize at which a quorum of seven councilmen did not appear the burgess called an organization meeting for the purpose of electing organization officers and such other officers as council might desire to elect or appoint, and for the transaction of other business which council might desire to do.

At the said meeting two sets of organization officers were nominated; each organization receiving six votes, and the burgess casting his ballot to break the tie. Thereafter a motion that the burgess retire was lost by a tie vote. A motion to adjourn was lost by a tie vote. The burgess opened nominations for the office of borough solicitor, street commissioner, chief of police, borough engineer, five police officers, police desk sergeant, and borough electrician. One nominee was presented for each one of the offices and the vote was tie, six for the nominees and six against them. The burgess cast his vote for the nominees and broke the tie. Thereupon this writ of quo warranto was issued to oust the former officeholders from their offices in order to install those elected at the meeting presided over by the burgess.

By section 1003 of The General Borough Act of May 4, 1927, P. L. 519, it is provided that the burgess may preside over the organization of council, but he shall not vote thereat unless his vote shall be required to effect the organization of council or to elect any officer elected at the organization meeting. Counsel for respondents insists that this section shall be interpreted in such manner that the burgess could not vote at this meeting except for president, treasurer, and secretary, which officers constitute the organization of the council. We do not believe that this is the proper construction of the act. The General Borough Act, supra, itself provides in section 1003 that the burgess can vote "to effect the organization of council, or to elect any officer elected at the organization meeting."

For many years it had been the custom for council at its organization meeting to elect or appoint other officers besides president, secretary, and treasurer. If the burgess could not break the tie to elect such officers, there is no meaning to the clause "or to elect any officer elected at the organization meeting." The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52, provides:

" (2) That the legislature intends the entire statute to be effective and certain".

The court makes the following conclusions of law as applicable to the facts.

Section 1003 of The General Borough Act provides as follows:

"Section 1003. *When the Burgess May Preside Over Council and Vote*.—The burgess shall preside over the organization of the council, until it is organized as provided in section one thousand one, but he shall not vote thereat unless his vote shall, for any reason whatsoever, be required to effect the organization of council, or to elect any officer elected at the organization meeting. In case of the unavoidable absence of the burgess at the organization meeting, one of the members of council, chosen by the members present at the meeting, shall preside.

"In all cases where, by reason of a tie vote, the council of any borough shall be unable to enact or pass any ordinance, or fill a vacancy in its membership, or in any other borough office, and such disagreement shall continue until the next regular meeting of council, it shall be the duty of the burgess of such borough to attend said meeting and cast the deciding vote."

Now, February 23, 1938, judgment is entered for the relators in this proceeding.